IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN M. DAVIES,<br>          **Plaintiff,**<br><br>          v.<br><br>LEHIGH VALLEY HEALTH NETWORK,<br>          **Defendant.** | CIVIL ACTION<br><br><br><br>NO.  23-134 |

## MEMORANDUM

Jean M. Davies ("Plaintiff") filed a complaint against her employer, Lehigh Valley Health Network ("Defendant"), asserting claims under Title VII of the Civil Rights Act of 1965 ("Title VII) and the Pennsylvania Human Relations Act ("PHRA") alleging discrimination based on Plaintiff's religion. (*See generally* ECF No. 1.) Plaintiff claims that Defendant discriminated against her by denying her religious exemption from the influenza vaccination as required by company policy.

Before the Court is Defendant's unopposed Motion for Summary Judgment, (ECF No. 24), along with Defendant's Rule 41(b) Motion to Dismiss. (ECF No.31.) In a motion for summary judgment, the moving party must be able to show "no genuine dispute as to any material fact" and that the "movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "always bears the initial responsibility" of identifying the portions of the record that "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine dispute is defined as one in which a jury could reasonably find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In assessing materiality, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

When the defendant moves for summary judgment, "the initial burden is on the defendant to show that the plaintiff has failed to establish one or more essential elements to her case." *Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005). The summary judgment standard requires the court to view the evidence in the light most favorable to the non-moving party, including all justifiable inferences. *Anderson,* 447 U.S. at 255. However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 248.

Title VII requires the Court to "evaluate a plaintiff's claimed entitlement to accommodation of [their] religious principles." *Protos v. Volkswagen of America, Inc.*, 797 F.2d 129, 136 (3d Cir. 1986). Beliefs are protected under Title VII when they are (1) sincerely held, and (2) religious in nature, in the claimant's scheme of things. *Africa v. Commw. of Pa.*, 662 F.2d 1025, 1030 (3d Cir. 1981). In this case, there is a dearth of evidence in the record that substantiates the Plaintiff's claim that her decision to reject receiving the influenza vaccine is based on her sincerely held religious beliefs.  Plaintiff states that she trusts her "God-given immunity" and "rel[ies] on God's protection" as opposed to relying on man-made medicine thus, providing this as the explanation in her application to the Defendant for a religious exemption along with it being her basis for why she alleges discrimination by the Defendant when her request for an exemption was rejected. (ECF No. 24-2 at 32:8-12.) However, this belief is applied inconsistently. As the record shows, Plaintiff by her own admission often takes daily Aspirin, supplements, and prescribed thyroid medication, all of which are indisputably man-made. (ECF No. 24-2 at 11:15-24, 79:13-23.) Plaintiff's selective choice of what man-made medicine is or is not acceptable erodes, at best, if not negates her assertion that due to her sincerely held religious beliefs she is not able to receive the influenza vaccine.  Considering the evidence on the record supports the selective application

of her beliefs, the Court concludes that no reasonable juror would be able to find that Plaintiff was discriminated on the basis of her religion, and therefore summary judgment is warranted.

For the reasons discussed above, Defendant's Motion for Summary Judgment is granted. Defendant's Rule 41(b) Motion to Dismiss is Denied as moot. Plaintiff's claims are dismissed with prejudice. An appropriate order follows.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**